Xu v. Lynch

BIA
Balasquide, IJ
A201 124 092

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of May, two thousand sixteen.

PRESENT:
    DENNIS JACOBS,
    DENNY CHIN,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*
_____

QIHUAN XU,
        *Petitioner,*

    v.                                              15-1046
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        John Chang, New York, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Paul
                       Fiorino, Senior Litigation Counsel;
                       Judith R. O'Sullivan, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qihuan Xu, a native and citizen of the People's Republic of China, seeks review of a March 24, 2015, decision of the BIA affirming a January 24, 2013, decision of an Immigration Judge ("IJ") denying Xu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qihuan Xu,* No. A201 124 092 (B.I.A. Mar. 24, 2015), *aff'g* No. A201 124 092 (Immig. Ct. N.Y. City Jan. 24, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review both the IJ's and the BIA's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008)(per curiam). For asylum applications like Xu's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a

2

credibility finding on inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Here, the agency's adverse credibility determination is supported by substantial evidence.

The agency reasonably relied on a discrepancy between Xu's testimony and supporting documents and on false statements he made to procure a student visa.  *See Xiu Xia Lin*, 534 F.3d at 163-64; *Siewe v. Gonzales*, 480 F.3d 160, 170-71 (2d Cir. 2007). Xu testified that he was baptized in October 2011, but the certificate (and his asylum application) stated he was baptized in November 2010.  Moreover, Xu admitted that he lied on his application for a student visa when he stated he was a Beijing college student; his asylum application and family register stated that he only completed middle school and he testified that he dropped out of high school.  Xu explained that his visa application was completed by an unspecified agency and he did not know what it said.  The IJ was not required to credit Xu's explanation.  *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

3

The agency also reasonably relied on Xu's failure to adequately corroborate his claim that he practiced Christianity in the United States. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Xu was given nearly two years to produce witnesses, but provided no witnesses or letters from church members corroborating his church attendance in the United States. Xu stated he could not obtain a witness or letters because his fellow church members were afraid of being arrested or removed to China. The record does not compel the conclusion that witness testimony was unavailable. *Cf.* 8 U.S.C. § 1252(b)(4).

Considering Xu's false visa application statement, the inconsistency between his testimony and baptism certificate, and his failure to corroborate his claim, the "totality of the circumstances" supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief relied on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

4

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk